United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Leah Cline, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-24950-Civ-Scola |
| Royal Caribbean Cruises LTD., | ) |
| Defendant. | ) |

### **Order Striking Complaint and Requiring Amended Complaint**

This matter is before the Court on an independent review of the record. This maritime tort action arises from injuries allegedly sustained by Plaintiff Leah Cline while she participated in a dance party aboard Defendant's ship. (ECF No. 1.) According to the complaint, during the dance party, a fellow intoxicated male passenger was jumping up and down and bumped into Plaintiff, knocking her backwards onto the floor. (ECF No. 1 at ¶ 12.) As a result of the fall, the Plaintiff suffered traumatic injuries that included herniated disks, bone bruises, neck, low back, hip, and buttock pain. This complaint, however, is a shotgun pleading. The Court therefore **strikes** it.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). One type of shotgun pleading is where a complaint fails to "separate[] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23, n.13 (11th Cir. 2015). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading").

The Plaintiff's complaint fails to set forth individual counts. In fact, there are no counts at all. In the section titled "allegations," the Plaintiff sets forth subsections (a) through (v) with 22 bases of liability. The Plaintiff asserts theories of liability based on a failure to warn, failure to train, failure to supervise, over-service of alcohol, and negligent policies and procedures, among others. (ECF No. 1 at 6-8.) These are separate causes of action that must be asserted independently and with supporting factual allegations. *See Garcia v. Carnival*

*Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading,'" where the plaintiff alleged that Defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which Defendant breached this duty"); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith.").

Accordingly, the Court **strikes** the Complaint, (**ECF No. 1**), as a shotgun pleading. The Plaintiff may file an amended complaint by **December 20, 2019**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Specifically, the Plaintiff shall assert each theory of liability as a separate cause of action. And any legal conclusions that form the basis for those claims must be supported by good faith factual allegations. *See* Fed. R. Civ. P. 11(b); *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359, 2012 WL 2049431, at *6, (S.D. Fla. June 5, 2012) (Scola, J.) ("Upon re-pleading, however, [plaintiff] is reminded that any alleged breaches, and the duties associated therewith, must be consistent with federal maritime law and must be supported by underlying factual allegations."). The Plaintiff is forewarned that failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (quotations omitted)).

**Done and ordered**, in Chambers, in Miami, Florida on December 9, 2019.

Robert N. Scola, Jr.
United States District Judge