UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALITY

**CASE NO:** 1:19-cv-24950-RNS

LEAH CLINE

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
A foreign corporation, and DOMINICK
SERGI,

      Defendant.

_____/

## FOURTH AMENDED COMPLAINT

    **COMES NOW**, Plaintiff, LEAH CLINE hereinafter referred to as 'CLINE'), by and through

the undersigned counsel, files her Fourth Amended Complaint for Damages against Defendants,

ROYAL CARIBBEAN CRUISES LTD. (hereinafter referred to as 'RCCL'), and Defendant,

DOMINICK SERGI (hereinafter referred to as 'SERGI') and states:

## ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. Plaintiff is *sui juris* and is a resident and citizen of Sarasota County, Florida.

3. Defendant, RCCL, is a foreign corporation who is authorized to conduct, and who does conduct business, in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and

1

principal place of business in Miami-Dade County Florida.

4. Defendant, SERGI, is a resident of Venice, Sarasota County, Florida.

5. Jurisdiction is proper in this Court under 28 U.S.C. 1333, which provides original jurisdiction to United States District Courts exclusive of state courts of "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they may be entitled", and pursuant to Article III, Section 2 of the U.S. Constitution.

6. Venue is proper in the Southern District of Florida in that Defendant's principal place of business is in Miami, Florida, and this action is governed by a forum selection clause in Defendant's ticket contract which provides that all suits be brought in Federal Court in Miami, Florida.

7. Defendant has agreed, in writing, that jurisdiction and venue are proper in the Southern District of Florida under the terms of the cruise ticket contract tendered by Defendant, RCCL, to Plaintiff and Defendant, SERGI. A copy of said cruise ticket is in the possession of RCCL.

8. At all times material hereto, Defendant, RCCL, owned, operated, managed, maintained, and/or controlled the vessel, the M/V *Navigator of the Seas*.

9. On or about December 4, 2018, Plaintiff was a lawfully fare paying passenger aboard Defendant's, RCCL, cruise ship vessel, the M/V *Navigator of the Seas*.

10. On or about December 4, 2018, Plaintiff participated in an RCCL-organized dance party.

11. During the dance party, besides an RCCL DJ playing music, the RCCL Cruise Director staff encourages guests to pull other guests up from their seats to form a dance team.  The team with most amount of dancers wins.

12. As Plaintiff participated in the RCCL organized dance party, a fellow intoxicated male

passenger, Defendant, SERGI, was jumping up and down, stepped on, and bumped into Plaintiff, knocking her backwards onto the dancefloor. This male passenger, Defendant, SERGI, was not known to Plaintiff and was not one of her travelling companions.

13. Plaintiff being knocked backwards by Defendant, SERGI, during the event coordinated and run by Defendant, RCCL, caused Plaintiff to suffer traumatic injuries that include, but are not limited to, herniated discs with annular tears, bone bruises, neck, low back, hip, and buttock pain.

14. Following the incident, Plaintiff went to the medical center aboard Defendant's, RCCL, ship where Plaintiff was seen by the ship's medical staff, including Defendant's, RCCL, physician.

**COUNT I - NEGLIGENCE as to ROYAL CARIBBEAN CRUISES LTD.**

15. Defendant, RCCL, owed Plaintiff the duty to exercise reasonable care under the circumstances. This duty included, but was not limited to, the responsibility of a marine carrier of passengers under applicable U.S. maritime common law to supervise and/or assist passengers aboard the vessel who the Defendant knew, or should have known, were engaging, or were likely to engage, in behavior potentially dangerous to themselves or others aboard the vessel.

16. Defendant, RCCL, had a further duty to refrain from creating a dangerous condition for its passengers, including Plaintiff.

17. Defendant, RCCL, had a further duty to warn its passengers, including Plaintiff, dangerous conditions about which Defendant knew or which through the exercise of reasonable care and professional conduct, Defendant should have known.

18. A primary reason why U.S. maritime common law places these duties upon marine carriers

of passengers, rather than leaving it up to the passengers to supervise themselves in what (at least to the passengers) are the unfamiliar surroundings of a cruise ship, is to prevent marine accidents and causalities from occurring aboard vessels navigating on the high seas. Such incidents, unlike shoreside accidents, have the potential and likelihood to disrupt international commerce by diverting vessels from their itineraries for the purpose of obtaining advanced medical treatment and/or to conduct rescue operations and/or to call other vessels and/or shoreside agencies like the U.S. Coast Guard to come to render assistance.

19. RCCL knew, or should have known, that the risk and actual occurrences of uninvited physical contact by passengers were magnified and/or influenced by factors such as the over service of alcohol; the passenger's lack of knowledge of prior incidents which RCCL knew to be associated with intoxicated passengers; the presence and consumption of alcohol aboard vessels which reduced passengers' judgment; and the general party atmosphere fostered aboard the vessel by RCCL which deliberately markets all you can drink beverage packages and onboard dance parties.

20. RCCL deliberately makes alcohol available to passengers and crew aboard its vessels, despite knowing that alcohol is banned for safety reasons aboard vessels operated by the U.S. Government and military and aboard U.S. flagged merchant ships.

21. The sale of alcohol, in fact, represents one of the top sources of on-board revenue to RCCL, grossing over $200,000,000.00 per year, upon information and belief.

22. To maximize this revenue, RCCL deliberately designs its vessels such as the M/V *Navigator of the Seas* to ensure that there are alcohol serving stations in every nook and cranny of the ship.

4

23. Neither RCCL nor the law of the relevant flag nation(s) impose a 'legal limit' or any other legal consequences for alcohol consumption or intoxication aboard RCCL ships. Neither does RCCL employ any systematic method to keep track of how much alcohol a particular passenger has consumed over time, other than perhaps looking for visual signs of intoxication, which of course means that the individual is already drunk.

24. RCCL, quite to the contrary, deliberately does as much as possible to encourage and facilitate alcohol consumption aboard its vessels.

25. RCCL fully understands and expects that alcohol consumption by passengers will result in the diminution of passengers' inhibitions and good judgment, which RCCL, upon information and belief, expects will foster the general party atmosphere that RCCL desires, and promotes aboard its vessels, so as to enhance some of its other revenue producing shipboard activities such as gambling and the purchase of more alcohol.

26. Defendant RCCL thus knew that the presence of intoxicated passengers aboard its vessels, especially in the dance parties where the passengers are encouraged to drink, dance, and have fun.

27. As a result of RCCL's scienter described, RCCL had notice of the risk of the subject incident, which was foreseeable.

28. RCCL's above described knowledge and information was not possessed by Plaintiff, at all relevant times.

29. At all times material hereto, Defendant RCCL organized, marketed, hosted, designed, and/or advertised the dance parties, and as such owed a duty to its passengers, and in particular to Plaintiff, to supervise and monitor passengers participating in RCCL-sponsored activities.

30. Additional duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for, and resolve, dangerous, hazardous, and/or risk-creating conditions that passengers, including Plaintiff, will likely encounter. Such duties also include, but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

31. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

32. On or about December 4, 2018, Defendant, RCCL, and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

33. On or about December 4, 2018, Plaintiff was injured while participating in the RCCL-sponsored dance party/contest aboard the RCCL M/V *Navigator of the Seas.*

34. Plaintiff was injured due to the fault and/or negligence of Defendant, RCCL, and/or its agents, servants, and/or employees as follows:

    a. Failing to take proper precautions for the safety of passengers participating in RCCL-sponsored activities, such as the dance parties; and/or

    b. Failing to maintain and/or operate proper crowd control procedures in the RCCL-sponsored dance parties; and/or

    c. Failing to properly train and supervise its crew; and/or

    d. Failing to provide reasonably safe conditions for Plaintiff aboard Defendant's vessel. Said safe conditions include, but are not limited to, the prevention of permitting an atmosphere to exist wherein persons could hurt passengers; and/or physically

assault passengers; and/or

e. Failing to have security guards and/or adequate crew supervising and controlling passenger activity in the RCCL-sponsored dance parties; and/or

f. Failing to adequately monitor aggressive and/or unruly passengers; and/or

g. Failing to promulgate and/or enforce rules or procedures to ensure that crew members are adequately supervising the RCCL-sponsored dance parties; and/or

h. Failing to promulgate and/or enforce adequate rules and procedures for controlling passenger activity in the RCCL-sponsored dance parties; and/or

i. Failing to enforce its 'Guest Conduct Policy' and/or other internal policies and/or guidelines regarding unruly, drunken, and/or excessive behavior that affects other passengers; and/or

j. Failing to promulgate and/or enforce adequate policies and/or procedures to prevent uninvited physical contact aboard Defendant's ships; and/or

k. Failing to warn Plaintiff and other passengers of dangers and/or likelihood of uninvited physical contact aboard the vessel; and/or

l. Failing to engage proper and reasonable safeguards to prevent passengers from being injured while participating in RCCL-sponsored dance parties;

m. Negligently hiring its crew members, including, but not limited to, the crewmembers who should have been monitoring RCCL-sponsored dance parties; and/or

n. Failing to effectively monitor alcohol consumption of passengers;

o. Failing to regulate passenger consumption of alcohol;

p. Failing to supervise passengers who have purchased the all you can drink beverage

package and or otherwise engaging in the dance party atmosphere promoted and marketed by RCCL;

q. Failing to supervise the crew members who are serving alcohol to the passengers;

r. Failing to promulgate and/or enforce adequate policies and/or procedures regarding the over service of alcohol to passengers;

s. Failing to adequately train its employees/agents whose duty it was to spot warning signs of oncoming intoxication and stop service of alcohol to passengers to prevent them from becoming intoxicated, so as to avoid the dangers and risks associated with drunken behavior and/or uninvited physical contact; and/or

t. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence; and/or

u. Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant; and/or

v. Failing to limit the number of passengers in a public area so as to provide adequate safe personal space for passengers, and/or

w. Affirmatively creating a dangerous environment in the bar/dance area where Plaintiff was injured; and/or

x. All other acts or omissions constituting a breach of the duty to use reasonable care revealed through discovery.

35. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

36. Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk- creating conditions had the Defendant implemented proper methods of supervision; and/or (d) created the risk-creating conditions.

37. As a result of the Defendant's, RCCL, negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity.

38. The losses are either permanent or continuing in nature.

39. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, LEAH CLINE, demands Judgment against Defendant, ROYAL CARIBBEAN CRUISES LTD., for damages suffered and costs incurred, for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT II – NEGLIGENT FAILURE TO WARN

40. At all times material hereto, while Plaintiff was a passenger aboard Defendant's, ROYAL CARIBBEAN CRUISES LTD., vessel, the M/V *Navigator of the Seas*, Defendant had a duty to warn its passengers, including Plaintiff herein, of dangerous conditions about which Defendant knew or should have known in the exercise of reasonable care.

41. Defendant either (a) itself created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

42. Defendant breached its duty and failed to warn Plaintiff, Ms. CLINE, of the dangerous conditions about which Defendant, ROYAL CARIBBEAN CRUISES LTD., knew or should have known in the exercise of reasonable care, in that, similarly caused falls and injuries occur with such frequency in clubs and organized activities aboard Defendant's, ROYAL CARIBBEAN CRUISES LTD., vessels so as to constitute prior notice to Defendant, ROYAL CARIBBEAN CRUISES LTD., of that condition and danger.

43. As a proximate result of Defendant's negligent failure to warn Plaintiff of the dangerous conditions about which it knew or should have known on or about December 4, 2018, Plaintiff, Ms. CLINE, fell and severely injured her body.

44. Defendant's failure to act created a hazardous condition to its passengers, and specifically to Plaintiff, and such condition was known to Defendant, or had existed for a sufficient length of time such that Defendant should have known of it, and that similarly caused falls and injuries occur with such frequency in that vessel's clubs and organized activities and other similar vessel's clubs and organized activities of Defendant's, ROYAL CARIBBEAN CRUISES LTD., vessels so as to constitute prior notice to Defendant, ROYAL CARIBBEAN CRUISES LTD., of that condition.

45. As a direct and proximate result of Defendant's negligent failure to warn Plaintiff of a dangerous condition about which it knew or should have known and Plaintiff's resulting fall, Plaintiff, LEAH  CLINE, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, LEAH CLINE, demands judgment for the stated damages, interest

and costs against Defendant, ROYAL CARIBBEAN CRUISES LTD., a trial by jury on all issues so triable, and any such other relief this Court deems just and proper.

### COUNT III –NEGLIGENCE as to DOMINICK SERGI

46. At all times material hereto, while Plaintiff was a passenger aboard Defendant's, RCCL, vessel, the M/V *Navigator of the Seas*, Defendant, SERGI, owed Plaintiff a duty to use reasonable care in the use of the common areas of the vessel, and a duty not to assault, batter, come in contact with, and/or injure others, including Plaintiff, LEAH CLINE.

47. On or about December 4, 2018, Plaintiff was participating in a dance party in the Star Lounge on Deck 5 of Defendant's, RCCL, vessel, the M/V *Navigator of the Seas*.

48. At that same date and time, Defendant, SERGI, negligently/recklessly assaulted, battered, and injured Plaintiff by falling into her and knocking her to the ground.

49. As a direct and proximate result of Defendant's, SERGI, reckless/negligent actions Plaintiff, LEAH CLINE, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, LEAH CLINE, demands judgment for the stated damages, interest and costs against Defendant, DOMINICK SERGI, a trial by jury, and any such other relief to which Plaintiff may be justly entitled.

### DEMAND FOR JURY TRIAL

Plaintiff, LEAH CLINE, demands trial by jury on all issues so triable.

Respectfully submitted this 11th day of September 2020,

> Frank D. Butler, Esq.
> FBN: 940585
> fdblawfirm@aol.com

Kelly Ann L. May, Esq.
FBN:  59286
kmay@fightingforfamilies.com
Frank D. Butler, P.A.
10550 US Highway 19 North
Pinellas Park, FL 33782
Phone: 727-399-2222
Fax: 727-399-2202
Service: courtdocserve@fdblawfirm.com
Secondary:jseigler@fightingforfamilies.com
*Attorneys for Plaintiff*

**/s/ Kelly Ann L. May, Esquire**
Kelly Ann L. May, Esq.