United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Leah Cline, Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 19-24950-Civ-Scola |
| Royal Caribbean Cruises, Ltd., and | ) | |
| Dominick Sergi, Defendants. | ) | |

## Order Denying Motion to Strike

The Plaintiff Leah Cline moves to strike Defendant Dominick Sergi's motion for summary judgment as untimely. (ECF No. 64.) Defendant Sergi opposes the motion, conceding that the motion was filed one day past the deadline and arguing that the late filing was inadvertent and caused by a clerical error. (ECF No. 65.) Upon careful consideration of the motion, the record, and relevant legal authorities, the Court **denies** the Plaintiff's motion. **(ECF No. 64.)**

This matter arises out of injuries suffered by the Plaintiff on a cruise ship during a dance party organized by Defendant Royal Caribbean Cruises Ltd. ("RCCL") during which Defendant Sergi caused the Plaintiff to fall and suffer injuries. (Fourth Am. Compl., ECF No. 35 ¶¶ 11, 13, 14.) The Court's operative scheduling order indicates that the deadline to file dispositive motions is May 15, 2021. (ECF No. 44.) Sergi filed his motion for summary judgment on May 17, 2021, two days past the deadline. (ECF No. 62.) The Plaintiff moves to strike the motion for summary judgment as untimely. (ECF No. 64.) Defendant Sergi opposes the motion and explains, through defense counsel's sworn declaration, that defense counsel's assistant inadvertently calendared the motion to be due on Monday, May 17 because the scheduled deadline of May 15 fell on a Saturday. (ECF No. 65). The Court will construe the response as Sergi's motion for leave to allow the untimely filing.

When a deadline appears in a scheduling order and a motion is filed after the deadline, "Rule 16 is the proper guide for determining whether a party's delay may be excused." *Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018). A scheduling order may be modified only upon a showing of good cause. *Id.*; *see also Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes.

The Plaintiff's reliance on *Destra* is misplaced. There, the Eleventh Circuit recognized that Rule 16 required a good cause showing that the deadline could not be met despite the diligence of the party seeking the extension. *Destra*, 725 F. App'x at 859. Ultimately, the appellate court reversed the district court's order striking the untimely motion because the court could not discern whether the defendants or counsel had exercised diligence necessary to establish good cause. *Id.* By contrast, defense counsel in the present case was diligent in the filing of the motion for summary judgment on the date she believed it was due. *Brown v. Sims Crane & Equip. Co.*, No. 2:07-CV-5-FTM-29SPC, 2007 WL 9718642, at *2 (M.D. Fla. Sept. 13, 2007) (Chappell, J.) (allowing modification of scheduling order because the plaintiff had shown the necessary good cause under Rule 16 because the delay was the result of a clerical error not a result of lack of due diligence). Additionally, it is worth noting the Defendants have shown the Plaintiff flexibility and eagerness to resolve the case on its merits by consenting to several amended complaints that the Plaintiff sought to file past the deadline. Accordingly, although the Court views any noncompliance with its orders with serious disfavor, the untimeliness of Sergi's filing does not require the Court to strike the motion. *Palacio v. Empire Acad., Inc.*, No. CV 15-21163-CIV, 2016 WL 4004647, at *4 (S.D. Fla. Mar. 8, 2016) (Scola, J.) (denying motion to strike motion for summary judgment that was filed one day after the deadline to file dispositive motions).

For these reasons, the Plaintiff's motion to strike Sergi's motion for summary judgment is **denied. (ECF No. 64.)**

**Done and ordered**, in Miami, Florida, on June 1, 2021.

Robert N. Scola, Jr.
United States District Judge